The plaintiff alleges in her petition that she is the owner of an undivided half interest in a lot of ground with the improvements thereon, situated in Lake Charles; that the said property was acquired in 1928 in the name of her former husband, William Mack Smith, during the existence of her marriage with him; that in 1935, she filed a declaration in the conveyance records of Calcasieu Parish, designating said property as a family home or homestead; that her husband attempted to sell said property to the defendant, Marino, in May, 1938; that a divorce was rendered between her and her husband thereafter, on May 21, 1938 (later shown to have been in November, 1938).
She alleges that the defendant is in possession of said property without any title to her half interest therein, and that *Page 72 
he has collected certain revenues from the said property. She asks to be recognized as the owner of an undivided half interest in the property, and that the defendant be ordered to render an accounting for the revenues collected on the property.
Several motions, exceptions and pleas were filed and acted on by Judge Hood, but these have no bearing on the question presented on this appeal. After a plea of res adjudicata and an exception of no cause or right of action were filed by the defendant and overruled by the court, the plaintiff filed a supplemental petition and alleged that defendant had entered into a contract of sale with Sherman and Nettie Dieson to sell them the property under certain terms, and that they were necessary parties to the suit. These two defendants filed an exception of no cause or right of action as to plaintiff's original and supplemental petitions. This exception was sustained, and a judgment was signed by Judge Pickrel in which it is recited in the preamble of the judgment that the matter having been called for a hearing on exception of no cause or right of action filed on behalf of all defendants, the law and the evidence being in favor of defendants and against the plaintiff, it was ordered that judgment be rendered in favor of defendants and against plaintiff, dismissing her suit. From this judgment of dismissal, plaintiff has appealed.
We understood from the briefs that the exception is based on the ground that the original and supplemental petitions do not show that the plaintiff is occupying the property as a family home, but, on the contrary, the petitions show that the defendants are in possession of the property; that one of the requisites to constitute property a family home or homestead under Act 35 (E.S.) of 1921, is that the property must be occupied as a family home.
Under Section 1 of the above act, the husband may file an authentic declaration in the conveyance office of the parish stating that he is married and designate certain described property owned by him as a family home, after which the property so described and set apart as a family home cannot be validly sold or mortgaged by him without the consent of his wife expressly set forth in the deed or mortgage and signed by her. In case the husband fails to file such a declaration within a certain time, the wife may do so, under Section 2 of the act, if she and her husband are living together, provided that the declaration so made by the wife shall be limited to community property occupied as a home.
According to the allegations of the petition of plaintiff in this case she was married to her husband, William Mack Smith, when the property was acquired in 1928, and the property therefore fell into the community. In the declaration which she filed in 1935, a certified copy of which is annexed to the petition and made a part thereof, she declares that she and her husband are still living together as man and wife; that they have occupied the said property ever since it was acquired as a family home and was being used and occupied by them at the time of filing the declaration as a family home, and that her husband had never designated the said property as a family home. The declarations made by the plaintiff in this act must be read in connection with the allegations of her petition from which it will be seen (accepting as we must her allegations and declarations as true for the purpose of the exception) that in 1935, the status of the property was definitely fixed as a family home and could not be sold without the consent of the wife.
Section 4 of the said act provides: "After being designated as a family home, such property shall not be deemed to have lost such status by any change of actual residence, or from any other cause except the dissolution of the marriage by death or divorce, or an authentic declaration of abandonment or waiver of such status signed by both husband and wife," etc. Having the status of a homestead in 1935, there was no change in that status of the property insofar as the petition shows until the divorce was rendered between plaintiff and her husband after the latter had sold the property to the defendant, Marino. So it is obvious that the property retained its status as family home at the time plaintiff's husband attempted to sell it to Marino in 1938, and the act specifically prohibited the husband from selling the property without the consent of his wife. Whether or not for some reason not shown by the petition, the *Page 73 
plaintiff has abandoned or forfeited her rights in the homestead is a matter to be determined on the trial of the case.
For the reasons assigned, it is ordered that the judgment appealed from be avoided and reversed, and the exception of no cause or right of action is hereby overruled; and it is now ordered that the case be remanded to the district court to be proceeded with according to law and the views herein expressed; cost of the appeal to be paid by the defendants, and all other cost to await the final termination of the cause.